UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHARINE S. CAMPBELL,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>        Defendant. | NO: 13-CV-00229-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 15 and 17).  Plaintiff is represented by Rosemary B. Schurman.  Defendant is represented by Diana Andsager.  This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe, or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

Plaintiff filed applications for disability insurance benefits on July 15, 2010, and supplemental security income disability benefits on March 30, 2010, alleging an onset date of June 25, 2010. Tr. 180-186. Her claims were denied initially and on reconsideration. Tr. 91-100, 102-111, 119-120. Plaintiff appeared for a hearing before an Administrative Law Judge on May 3, 2012. Tr. 46-89, 121. The ALJ issued a decision on June 7, 2012, finding that Plaintiff was not disabled under the Act. Tr. 22-35.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 25, 2010, the alleged onset date. Tr. 27. At step two, the ALJ found that Plaintiff had severe impairments, Tr. 27, but at step three, the ALJ found that these impairments did not meet or medically equal a listed impairment. Tr. 28-29. The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to:

perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds. She should avoid concentrated exposure to extreme cold, vibrations, exposure to sunlight, and hazards (heights, machinery, etc.). She is able to understand and carry out simple, routine tasks. She can have only occasional interactions with the general public and/or coworkers. She can maintain concentration, persistence, and pace on simple repetitive tasks.

Tr. 29-33. At step four, the ALJ found that Plaintiff was unable to perform past relevant work as a data entry clerk, woodworking assembly supervisor, picture framer, administrative clerk, or cashier. Tr. 33. At step five the ALJ determined that upon considering the Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform the representative occupations of small parts assembler, table worker, and packer inspector, and that such jobs existed in significant numbers in the national economy. Tr. 34. Thus, the ALJ concluded that Plaintiff was not disabled and denied her claims. Tr. 35.

On July 19, 2012, Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 21. The Appeals Council denied Plaintiff's request for review on April 18, 2013, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-6, 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

///

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits and supplemental security income disability benefits under Title II and Title XVI of the Social Security Act. Plaintiff has identified two issues for review:

> 1. Whether the ALJ properly evaluated and weighed the medical opinions of Dr. Steven Gerber, Dr. John Arnold, and Dr. William Roth; and
>
> 2. Whether the ALJ failed to comply with SSR 96-8 when formulating Plaintiff's RFC.

## DISCUSSION

**A. Opinions of Dr. John Arnold and Dr. William Roth**

Plaintiff contends the ALJ improperly rejected the opinions of treating physician, Dr. Roth and examining physician, Dr. Arnold, and gave improper weight to the opinions of medical expert Dr. Gerber. There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted) (brackets in original). Generally, a treating physician's opinion carries more weight than an examining physician's,

and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists. *Id.* (citations omitted). A physician's opinion may be entitled to little if any weight, when it is an opinion on a matter not related to her or his area of specialization. *Id.* at 1203, n.2 (citation omitted).

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir.2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor''s opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). However, the ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal and quotation and citation omitted).

Plaintiff contends that the ALJ erred by rejecting the opinions of treating physician Dr. Roth and examining physician Dr. Arnold in favor of the opinions of medical expert Dr. Gerber. ECF No. 15 at 10-18. Because Dr. Roth and Dr. Arnold's opinions were contradicted, *see* Tr. 287-88, 319-20, 334, 337, the ALJ need only have given specific and legitimate reasons supported by substantial evidence to reject them. *Bayless*, 427 F.3d at 1216.

**<u>Dr. Roth</u>**

The ALJ gave specific and legitimate reasons for rejecting both Dr. Roth's opinions. First, the ALJ noted that Dr. Roth's opinion was based in large part upon Plaintiff's subjective complaints of pain. Tr. 32. The ALJ deemed Plaintiff's subjective pain complaints not fully credible, and Plaintiff has not challenged that finding on appeal. This was a valid basis for rejecting Dr. Roth's opinions. *Tommasetti*, 533 F.3d at 1041.

Second, the ALJ noted that Dr. Roth's assessments of Plaintiff's limitations on a "multiple impairment questionnaire" completed on October 20, 2010, were inconsistent with his own objective findings and with Plaintiff's commensurate reports. Tr. 32. This observation is supported by substantial evidence. Although the multiple impairment questionnaire indicates that Plaintiff could only

> sit for up to one hour and stand/walk for up to one hour before getting up to move around, could occasionally lift and carry up to 10 pounds and frequently lift and carry less 0-5 pounds, has significant limitations in overheard repetitive reaching, would require unscheduled breaks every two hours in order to rest for 15 minutes prior to returning to work, and would be absent two to three times a month,

Tr. 304-17, his objective medical findings indicate that Plaintiff's physical symptoms were generally mild. *See* Tr. 278, 350, 354-55 (plaintiff reported she was "doing okay"; plaintiff stated her pain was "well controlled"; Dr. Roth noted "current pain relief make[s] a real difference" to plaintiff). These objective findings are consistent with the findings of Dr. Eric Mueller, Dr. Robert Rose, and Dr. William Shanks. *See* Tr. 287-88, 319-20, 334, 337. It also bears noting that Dr. Roth indicated on the multiple impairment questionnaire he was able to "completely relieve [Plaintiff's] pain with medication without unacceptable side effects." Tr. 307. The ALJ did not err in rejecting Dr. Roth's opinions.

**Dr. Arnold**

The ALJ afforded Dr. Arnold's assessment of Plaintiff's psychological limitations "little weight" on the grounds that (1) they were based in part upon Plaintiff's subjective complaints of pain, which the ALJ deemed not credible; (2) they were inconsistent with Plaintiff's activities of daily living; (3) they were internally inconsistent; and (4) they were not supported by objective findings. The ALJ erred in relying upon number three above because there is no inconsistency

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

between Dr. Arnold's findings that Plaintiff could "understand and follow simple verbal and written instructions [and] remember simple work-related procedures and locations," *see* Tr. 340 (which the ALJ misstated as an ability to "perform simple repetitive tasks," *see* Tr. 33), and that her "perceived pain [would] interfere with attention and concentration." Tr. 340. The ALJ also erred in relying upon number four above because Dr. Arnold's report indicates that he performed an MMPI-2-RF assessment and that the results were attached to the report. Tr. 342. The fact that the assessment was not attached to the copy of Dr. Arnold's report in the record is not a valid basis for disregarding his opinions. As Plaintiff correctly notes, the ALJ has a duty to attempt to acquire the missing attachment in this circumstance. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (holding that an ALJ has an affirmative duty to "fully and fairly" develop the record).

     Nevertheless, the above errors were harmless because the ALJ's reliance upon the first and second grounds is supported by substantial evidence. As noted above, Plaintiff has not challenged the ALJ's adverse credibility finding in these proceedings. The fact that Dr. Arnold partially relied on Plaintiff's subjective pain complaints in formulating his opinions is therefore a valid basis for affording them little weight. *Tommasetti*, 533 F.3d at 1041. Similarly, the fact that Plaintiff was capable of exercising regularly, cooking, cleaning, shopping and caring for several animals, *see* Tr. 28, 30-31, was a valid basis for discrediting Dr. Arnold's opinion

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

that Plaintiff would have difficulty persisting through a full work day. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). The ALJ's treatment of Dr. Arnold's opinions is supported by substantial evidence.

### B. Challenge to ALJ's RFC Finding

Plaintiff argues the RFC does not appropriately reflect all of her physical and mental limitations. The Commissioner's regulations require an ALJ to consider all of a claimant's medically determinable impairments-both severe and non-severe-in fashioning an RFC. 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2); *see also* SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments.").

Plaintiff contends the ALJ's RFC and corresponding hypothetical question to the vocational expert ("VE") are legally deficient because the ALJ failed to include all of Plaintiff's limitations. ECF No. 15 at 19. Substantial evidence in the record supports the ALJ's findings. Although the ALJ found Plaintiff's "concentration, persistence or pace is with moderate difficulties," she continued on to note a lack of objective evidence to support Plaintiff's alleged difficulties. Tr. 28-29. Further, despite Plaintiff's contention that the ALJ did not account for her own finding of moderate limitations in concentration, persistence or pace in the

RFC and in the hypothetical question presented to the VE, the ALJ in fact did.[1]
*See* Tr. 79-80. The ALJ properly considered Plaintiff's symptoms, limitations, and the objective and opinion evidence in her RFC assessment. *See* Tr. 280, 286-303, 318-322, 335, 338, 351, 355-56.

Moreover, as noted above, the ALJ properly discounted Plaintiff's subjective reports of pain as not credible and therefore, was not required to account for the inconsistent limitations identified by Dr. Arnold regarding Plaintiff's pace, concentration, or persistence in the hypothetical. Thus, the ALJ did not err in assessing Plaintiff's RFC. Defendant is entitled to summary judgment.

///

///

///

///

---

[1] Q: "Based on Dr. Arnold's [perspective to maintain concentration, persistence, and pace on the simple, routine, repetitive tasks]… would such individual be able to perform any of the claimant's past work?"

A: "I don't think so your honor."

Q: "Would there be other work in the national economy that such an individual could perform?"

A: "Based on my understand[ing] of the hypothetical I think the person that you described could do fairly broad range of sedentary and light unskilled work, your honor."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**

2. Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** June 6, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15